FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 OCT -6  P 3: 02

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PATRICIA ALEASIA SMITH–BRIM, | * |
| Plaintiff | * |
| v. | * Civil No. PJM 14-683 |
| CAROLYN W. COLVIN, Acting Commisioner of Social Security, | * |
| Defendant | * |

**MEMORANDUM OPINION**

Plaintiff Patricia Aleasia Smith-Brim brings this action under 42 U.S.C. §§ 405(g) and 1383(c) for review of a Social Security Administration decision which denied her application for Supplemental Social Security Income (SSI). On July 21, 2014, Smith-Brim filed a Motion for Judgment on the Pleadings, and, in the alternative, a Motion for Remand. ECF No. 10. On November 20, 2014, Defendant Acting Commissioner of Social Security Carolyn M. Colvin filed a Motion for Summary Judgment. ECF No. 17. The Court referred the matter to Magistrate Judge Thomas DiGirolamo on June 22, 2015 for a report and recommendations as to these dispositive motions pursuant to Local Standing Order 2014-01. Judge DiGirolamo issued his Report and Recommendation on August 7, 2015. ECF No. 19. Smith-Brim has filed timely objections to the Report and Recommendation, ECF No. 20, and the Commissioner has filed a response, ECF No. 21.

Having reviewed Judge DiGirolamo's Report and Recommendation pursuant to Federal Rule of Civil Procedure 72(b), and having made its own de novo findings based on the record, the Court hereby **ADOPTS** Judge DiGirolamo's Report and Recommendation as its own Opinion, supplemented by its present Memorandum Opinion. The Commissioner's Motion for

1

Summary Judgment is therefore **GRANTED**, Smith-Brim's Motion for Judgment on the Pleadings and Alternative Motion for Remand is **DENIED**, and the Commissioner's final decision in this matter is **AFFIRMED**.

## I.

Under 28 U.S.C. § 636(b), a district court judge may designate a magistrate judge to report proposed findings of fact and recommendations for court action on dispositive pretrial motions. After the magistrate judge issues his or her report and recommendations, the aggrieved party must file "specific, written objections to the proposed findings and recommendations" within fourteen days. FED. R. CIV. P. 72(b)(2). If these objections are timely filed, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*. However, the district court judge "need only conduct a *de novo* review of those portions of the Magistrate Judge's Report and Recommendation to which objection is made." *Baltimore Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 534 (D. Md. 2011) (quoting *Chavis v. Smith*, 834 F. Supp. 153, 154 (D. Md. 1993)). For "those portions of the report for which there is no objection, the district court 'must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Brophy*, 771 F. Supp. at 534-35 (quoting *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

## II.

Smith-Brim raises two objections to the Report and Recommendation, namely that Judge DiGirolamo erred in concluding that (1) the Administrative Law Judge (ALJ) properly weighed the medical evidence, and that (2) the ALJ properly evaluated Smith-Brim's credibility.

The Court has reviewed de novo portions of the record relevant to those propositions and Judge DiGirolamo's Report and Recommendation to which those propositions relate, and the Court is unpersuaded by Smith-Brim's contentions. The Court will address each of Smith-Brim's objections in turn.

A.   **The ALJ's Weighing of the Medical Evidence**

As to her first objection, relating to the ALJ's weighing of the medical evidence at issue, Smith-Brim makes several arguments. First, she specifically objects to Judge DiGirolamo's conclusion that the ALJ properly afforded insufficient weight to Dr. Spencer Johnson's opinion that Smith-Brim was "unable to work," R. at 350, and could not "sustain gainful employment now or in the foreseeable future," R. at 518. Dr. Johnson is a psychiatrist who began treating Smith-Brim in 2007. Analyzing the record, the Court finds that Dr. Johnson's own treatment notes (reflecting that Smith-Brim's symptoms responded to medication and were "stable") were inconsistent with his conclusory opinion regarding Smith-Brim's ability to work or sustain employment. R. at 350-52, 355, 507-08, 517-18, 525, 527-28. The ALJ "holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). Further, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it *should* be afforded significantly less weight." *Craig v. Charter*, 76 F.3d 585, 590 (4th Cir. 1996) (affirming an ALJ's rejection of a treating physician's "conclusory" opinion when it was inconsistent with the treating physician's own progress notes) (emphasis added). In light of the record, the ALJ's discretionary weighing of Dr. Johnson's opinion was supported by substantial evidence. The Court finds that Judge DiGirolamo's recommendation in this regard to have been correct and reasonable.

Smith-Brim also argues that the ALJ improperly disregarded portions of Dr. Johnson's treatment notes because they were illegible. She asserts that, at minimum, this case should be remanded to the ALJ for further review of Dr. Johnson's treatment notes. Nothing in the record supports Smith-Brim's contention that the ALJ failed to review of Dr. Johnson's treatment notes because they were illegible, nor does any portion of Judge DiGirolamo's Report and Recommendation suggest that to have been the case. The Court considers this argument untenable.

Smith-Brim next claims that Judge DiGirolamo erred in finding that the ALJ properly relied on opinions from non-examining sources, especially Dr. P. Sokas, a state agency consultant. Although a "non-examining physician's opinion cannot, by itself, serve as substantial evidence supporting a denial of disability benefits when it is contradicted by *all of the other evidence* in the record," the "testimony of a non-examining physician can be relied upon when it is consistent with the record." *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) (emphasis in original) (internal quotations and citations omitted). As Judge DiGirolamo observed, Dr. Sokas' opinion includes specific references to evidence from the record to support his findings, including consultative and medical status evaluations performed by other treating and examining physicians, Smith-Brim's GAF rating of 65 by one examining psychiatrist,[1] and a function report administered in January 2011. R. at 496, 500. Given this evidence, Smith-Brim's argument that Dr. Sokas' opinion could not be relied upon by the ALJ fails to persuade.

---

[1] As Judge DiGirolamo notes in his Report and Recommendation, the "GAF, or global assessment of functioning, scale rates psychological, social, and occupational functioning. . . . A GAF rating between 41 and 50 indicates serious symptoms . . . or any serious impairment in social, occupational, or school functioning. . . . A GAF rating in between 51 and 60 indicates moderate symptoms . . . or moderate difficulty in social, occupational, or school functioning . . . A GAF rating between 61 and 70 indicates that the individual has some mild symptoms, or some difficulty in social, occupational, or school functioning . . . but is generally functioning pretty well." Report and Recommendation 6 n. 2, 9 n. 3, 10 n. 4 (internal citations and quotations omitted).

The Court also rejects Smith-Brim's related contention regarding Dr. Sokas—namely, that his opinion should not have been afforded great weight because it failed to take into account two psychiatric/psychological impairment questionnaires administered by Dr. Johnson after Dr. Sokas' opinion was drafted. Smith-Brim does not cite any case law or binding authority in support of this argument. Instead, she cites a Social Security Administration Policy Interpretation, which she misconstrues. *See Titles II & XVI: Consideration of Admin. Findings of Fact by State Agency Med. & Psychological Consultants & Other Program Physicians & Psychologists at the Admin. Law Judge & Appeals Council*, SSR 96-6P (S.S.A. July 2, 1996). This Policy Interpretation merely provides an example of one circumstance in which a state agency consultant's opinion may be afforded greater weight than that of a treating or examining source—it does not require a state agency consultant to have reviewed an entire case record in order for their opinion to have greater weight than that of a treating physician.. *See Titles II & XVI*, SSR 96-6P (S.S.A. July 2, 1996).

**B.     The ALJ's Determination of Smith-Brim's Credibility**

Smith-Brim's second objection goes to Judge DiGirolamo's recommendation regarding the ALJ's credibility determination. The thrust of her argument is that the ALJ should *not* have looked at the following factors in determining that Smith-Brim was not "fully credible," R. at 26: (i) her daily activities, including reading, spending time on the internet, shopping, driving short distances, and performing light housekeeping, R. at 26; (ii) her GAF scores in the mild to moderate range, R. at 26; and (iii) her search for work, R. at 26, 582. The Court disagrees. Contrary to this argument, all of these factors were appropriate for the ALJ to consider when evaluating Smith-Brim's credibility.

In the first place, an ALJ may rely upon evidence of a claimant's daily activities to evaluate subjective complaints of pain. *See* 20 C.F.R. § 416.929(c)(3)(i); *see also Johnson v. Barnhart*, 434 F.3d 650, 658 (4th Cir. 2005) (affirming credibility determination based in part on comparison between "complaints of pain" and "testimony of . . . routine activities"); *Mastro*, 270 F.3d at 179 ("We find that the ALJ correctly applied the law in concluding that Ms. Mastro's reported daily activities undermined her subjective complaints of chronic fatigue."). Secondly, "while GAF scores are not determinative of disability," nothing precludes an ALJ from considering them as one component of assessing a claimant's level of functioning. *See, e.g., Rios v. Comm'r of Soc. Sec.*, 444 F. App'x 532, 535 (3d Cir. 2011) (noting that GAF scores are "medical evidence that informs the Commissioner's judgment of whether an individual is disabled"); *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002) (noting that "a GAF score may be of considerable help to the ALJ in formulating" its determination of a claimant's residual functioning capacity). Third, courts have routinely held that a claimant's search for work may be considered as a factor especially bearing on her credibility, when she asserts she is unable to work. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009); *House v. Astrue*, 500 F.3d 741, 745 (8th Cir. 2007).

The record clearly demonstrates that the ALJ considered a number of appropriate factors in assessing Smith-Brim's credibility, including the items noted above that Smith-Brim objected to. R. at 26. The Court finds Judge DiGirolamo's recommendation regarding the ALJ's credibility assessment to be altogether proper.

### III.

Pursuant to Federal Rule of Civil Procedure 72(b), the Court has reviewed all other relevant portions of the record and is satisfied that there is no clear error.

For these reasons, based on its de novo review and findings, the Court concludes that Judge DiGirolamo's proposed rulings were correct and reasonable. His Report and Recommendation is accordingly **ADOPTED** by the Court as its own, together with this Memorandum Opinion. The Commissioner of Social Security's Motion for Summary Judgment is therefore **GRANTED**, Smith-Brim's Motion for Judgment on the Pleadings and Alternative Motion for Remand are therefore **DENIED**, and the Commissioner's final decision in this matter is **AFFIRMED**.

A Final Order of Judgment will **ISSUE**.

/s/ Peter J. Messitte
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

October 6, 2015